## R. C. WYNN v. THE STATE.

No. 17698.   Delivered October 30, 1935.

The opinion states the case.

*H. D. Barrow,* of Jourdanton, and *J. R. Garnand,* of Pleasanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment being assessed at a fine of fifty dollars and thirty days in the county jail. Appellant was charged by complaint and information with entering into the "private house of a private family, to-wit: the house of B. L. Pafford, and did then and there upon said B. L. Pafford commit an aggravated

assault and did then and there strike the said B. L. Pafford with a pistol."

The prosecution grew out of the following incident. Appellant was City Marshal of the City of Pleasanton in the County of Atascosa. Said city was incorporated. A law was in force which prohibited cattle from running at large. Late in the evening of January 7, 1935, it was reported to appellant that a calf belonging to Pafford was at large. At appellant's request Brown, who was constable, accompanied him to Pafford's house and they informed him that the calf was out. Pafford went with the officers and the calf was found on a neighbor's lawn. Appellant put a rope on the calf. From this point the evidence is conflicting. Pafford testified that appellant told him that he would have to keep the calf up, to which Pafford replied, "Yes, when it's my calf hell's to pay." Pafford says that appellant then cursed him and told him he would take him too, and reached out as if to take hold of witness. Pafford ran to his house with appellant and Brown following. Pafford went into the house and told the officers not to come in; that his wife was ill. He said appellant cursed him and threatened to come in and "beat hell out" of him. He testified further that appellant and Brown did come into the house; that Brown struck him on the head with a blackjack and that appellant struck him several times on the head and arm with a pistol. He said appellant wanted to take him down to jail but that witness refused to go, and did not go. It is apparent from Pafford's testimony that the officers had had some previous trouble with him about his stock running at large and he at that time owed a balance on a pound fee. Appellant's version of the matter is quite different from Pafford's. Appellant claims that when he told Pafford about the neighbors complaining about the stock running loose Pafford began swearing in a loud voice, and that appellant told him if he did not stop he would be taken to jail, to which Pafford replied, "You will play hell!" He further testified that he reached out to take hold of Pafford and that Pafford ran towards his house, followed by appellant and Brown; that on the way Pafford fell down and appellant also fell down, and shot himself through the leg with his own pistol; that he got up and the two officers followed Pafford into the house. Appellant says, "I was going to arrest him for cursing, for disturbing the peace out there in the street by cursing loud." Appellant denies having cursed Pafford at any time. He says that they went into the house and Pafford got on

the bed and held on to the bed while appellant was trying to get him loose and that Pafford twisted appellant's thumb on his right hand and jerked it out of joint, and to get him loose he struck Pafford several times on the hand and arm with his flashlight. He denies that at any time he struck him with a pistol. Appellant says he used no more force than was necessary to try to effect Pafford's arrest; which he never did accomplish.

The case was submitted to the jury upon the theory that appellant would be guilty of aggravated assault if he went into the house of a private family and there committed an assault and battery, such act being denounced as aggravated assault under sub-division 3, Art. 1147, P. C. No defensive charge whatever was submitted by the court. Appellant through his attorney excepted to the charge of the court because nowhere did the court instruct the jury as to appellant's right in his official capacity to effect the arrest of Pafford for a breach of the peace committed in appellant's presence. Appellant requested several special charges, the substance thereof being that if appellant at the time of the alleged assault was attempting to arrest Pafford for a breach of the peace committed in the officer's presence, and used no more force than was reasonably necessary to effect said arrest, that they should acquit appellant; and further informed the jury that appellant was authorized by law to arrest Pafford without a warrant if the latter in the presence of the officer had immediately theretofore committed a breach of the peace. Appellant claimed that Pafford by his loud cursing and talking was guilty of disturbing the peace under Art. 474, P. C., and that such offense having occurred in the officer's presence, that appellant had a right to arrest him without warrant. Art. 212, C. C. P., expressly authorizes a peace officer to arrest without a warrant one who within view of an officer commits an offense against the public peace, and Art. 216, C. C. P., provides in substance that where arrests may lawfully be made without warrant the officer seeking to make the arrest is justified in adopting all the measures which he might adopt in cases of arrest under a warrant.

The issue as to the right of appellant to arrest Pafford under the circumstances stated was made clear by appellant's testimony. If the alleged offense of Pafford—disturbing the peace —occurred in the officer's presence, and he attempted at the time to arrest therefor, unquestionably he had a right to follow Pafford into his house for the purpose of accomplishing

the arrest. The jury had no instruction as to the law with reference to such rights in the event they should settle such issue of fact in favor of appellant.

This court has no option but to reverse the judgment and remand the cause, and it is so ordered.

*Reversed and remanded.*