JIM DILLIARD v. THE STATE.

No. 1175.   Decided May 10, 1911.

**1.—Aggravated Assault—Statement of Facts.**

Where the statement of facts and bills of exception were filed more than twenty days after the adjournment of the County Court, the same must be stricken from the record on motion of the State.

**2.—Same—Information—Officer.**

Where the information alleged that the defendant made an assault upon an officer, naming him, while in the discharge of his official duty, the same was sufficient to charge an aggravated assault.

Appeal from the County Court of Young.   Tried below before the Hon. E. W. Fry.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars and thirty days confinement in the county jail.

The opinion states the case.

*R. F. Arnold* and *Kay & Akin,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was tried and convicted in the County Court of Young County upon a complaint charging him with an aggravated assault, and his punishment assessed at a fine of $25 and imprisonment in the county jail for thirty days.

The term of court at which appellant was tried adjourned on the 7th day of January, 1911 (he having been tried on the 11th day of the preceding October), and the statement of facts and bills of exception were not filed until the 4th day of February, 1911, more than twenty days after adjournment of County Court for that term. The motion of the assistant attorney-general to strike out the statement of facts and bills of exception is sustained.

There is a motion in arrest of judgment in the record alleging the complaint and information are insufficient. They allege that defendant made an assault upon J. S. Munsey, an officer, while in the discharge of his official duty. This, under article 601 of the Penal Code, constitutes an aggravated assault.

The statement of facts and bills of exception being stricken from the record, there is no error presented.

The judgment is affirmed.

*Affirmed.*