### DAN NESTOR V. THE STATE.

No. 14904.  Delivered April 13, 1932.
Reported in 51 S. W. (2d) 399.

The opinion states the case.

*G. B. Fenley, Sr.,* and *Ditzler H. Jones,* both of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault; punishment being a fine of $35.

Article 1147, P. C., subd. 1, provides that an assault or battery becomes aggravated "when committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty." The information and complaint, omitting the formal parts, alleges that appellant "* * * in and upon Joe Ware did commit an aggravated assault, the said Joe Ware then and there being an officer, that is, a Ranger, to-wit: a private in the Ranger Force of the State of Texas, and then and there in the discharge of his duties as a Ranger aforesaid, and said Dan Nestor then and there being informed and knowing that said Joe Ware was a Ranger discharging an official duty."

It is claimed by appellant that the complaint and information are defective, and charged no offense against the law. We have been unable to discover any omission in the state's pleading rendering them vulnerable to such criticism. They appear to follow approved forms and contain every element necessary under the statute. See Wilson's Tex. Cr. Forms (4th Ed.), form 470; Branch's Ann. Tex. P. C., sec. 1552, and authorities cited thereunder; Dillard v. State, 62 Texas Crim. Rep., 321, 137 S. W., 356. It seems to be appellant's contention that it should have been averred in the state's pleadings what particular official duty the officer was discharging at the time of the alleged assault. We think this is unnecessary. The general averment found in the present complaint and information appears to be sufficient.

On the 20th of June, 1931, a dance was in progress at the Riverside Dance Hall in Uvalde County. Fritz Streib, a deputy sheriff, and Joe Ware, a State Ranger, were at the dance in their official capacities. Sometime during the night the complaint was made to Streib that appellant had a pistol. Streib and Ware went to appellant, at which time Ware advised him that he was a Ranger. They told him about the report which had reached them to the effect that he was armed with a pistol. It was discovered that instead of a pistol appellant had a flashlight in his right hip pocket, which bulged his coat up and looked suspicious. After discovering the facts regarding the matter Streib advised appellant to go on and dance and have a good time. The state's evidence indicates that appellant was somewhat offended at the act of the officers in ascertaining that he was unarmed. Appellant was a brother-in-law of Mark Cowan. After the officers had searched appellant, Mark Cowan and two of his brothers came up, and one of them said to the officers, "Why don't you search some of the others for guns, there are plenty more?" Streib asked who they were. Ware told Streib not to say anything more to him. About twenty or twenty-five minutes after the incident just related a party by the name of Blair, who was dancing at the time, yelled twice, sufficiently loud to be heard all over the house, and at the time made a motion toward Mark Cowan. Streib went to Blair and told him that he was under arrest. Blair advised Streib that he could not arrest him, and drew back his left arm as if to strike; when Streib undertook to pull his gun it flew out of his hand. Strieb was under the impression that some one had interfered with his arm, which caused him to lose the hold on his gun. Blair struck Streib and they engaged in considerable of a scuffle and fight. A party by the name of Wimberly, a brother-in-law of Blair, commenced to choke Strieb when another party, by the name of Bullock, pulled Wimberly off of the officer. Streib then put both Blair and Wimberly under arrest.

At the time the disturbance between Streib and Blair started Ware was some distance away, sitting on a counter. He testified that he went to the dance as an officer to keep the peace. According to his evidence he immediately started toward the disturbance and was interrupted by appellant and Mark Cowan and Skinny Cowan; appellant catching Ware around the body. Ware got loose from them, told them to stand back and again started to Streib and Blair, and got his hand on Streib's head, when he was again interfered with by appellant and the other parties named. Ware claimed that at this time Jess Cowan struck at him twice with a sixshooter and that appellant hit him a pretty hard blow with the flashlight; that the parties named, together with the father of the Cowan boys, got Ware down on the floor and that the elderly Cowan "stomped" him in the head. They disarmed Ware taking his pistol away from him. He positively identified appellant as being one of the parties who caught him and threw him down twice, and as the one who hit him with a flash-

light. Ware was asked by counsel for appellant if when he started toward the disturbance between Streib and Blair if he told appellant and the Cowans that his purpose was to arrest Blair or to stop the fight, to which Ware replied in substance, that he had no time to tell them anything. Appellant and Mark Cowan were brothers-in-law. By the aid of other parties four of the Cowans were arrested. Appellant disappeared from the dance. He could not be found that night. He denied, and was supported by other witnesses, that he was in any way implicated in the assault made upon Ware. He claimed he did not touch him, and did not strike him with a flashlight.

It is urged that the conviction should not be permitted to stand because the evidence fails to show that at the time appellant assaulted Ware the latter informed appellant that he (Ware) was an officer in the discharge of his duty and that he was going to arrest Blair. It was not necessary that appellant should have again been told by Ware that he was an officer. He had received that information not more than twenty or twenty-five minutes before the assault at the time Ware and Streib had made inquiry if appellant was carrying a pistol. Appellant admitted that Streib and Ware had told him then they were officers, and that from that time he knew they were officers and were acting as such at the dance.

It is further urged, and correctly, we think, that before a conviction would be authorized the evidence must show that the assault was made upon the officer as an interruption of his official duty. It is claimed the evidence is lacking in this regard. This contention is based on the claim that Ware did not tell appellant and the Cowans when they interfered with him that his purpose was to arrest Blair. Appellant and the others knew that Ware was acting in his official capacity. Blair had disturbed the peace in the officer's present and then resisted arrest by Streib. He and Streib had become involved in an affray in which others had joined. It was immaterial whether Ware was intending to arrest Blair, or to stop the disturbance caused in the dance hall by the fight. It was his official duty to do whatever was necessary to restore the peace. It is not claimed by appellant that he thought Ware was doing anything out of line with his official duty. He denies that he in any way assaulted or interfered with Ware. Appellant's contention that the evidence does not support the conviction is without merit.

The judgment is affirmed.

*Affirmed.*