### VICTOR PALOMO V. STATE.

No. 25,848. May 7, 1952.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 18, 1952.

Hon. McCollum Burnett, Judge Presiding.

*A. A. Garza* and *Joe Burkett*, San Antonio, for appellant.

*Austin F. Anderson*, Criminal District Attorney, *James C.*

*Onion,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for an aggravated assault on an officer, with a sentence of two years in the county jail.

The appellant plead not guilty to the charge against him and proceeded to trial without the assistance of an attorney. The evidence in the record is quite full and complete, much of it being hearsay or opinions and conclusions of the witness. There was no objection lodged to it, however, and nothing challenging the admissibility of any part thereof.

The first question for our consideration is presented on the contention that the complaint and information insufficiently describe the officer upon whom the assault was alleged to have been made. We quote from the complaint as follows, leaving off the formal part. "* * * on or about the 27th day of October, A.D. 1951, and before the making and filing of this information, in said County of Bexar and State of Texas, Victor Palomo did then and there unlawfully in and upon Joe Edwards commit an aggravated assault; the said Joe Edwards then and there being an officer, and then and there in the lawful discharge of the duties of said office, and the said Victor Palomo then and there being informed and knowing that the said Joe Edwards was then and there an officer discharging an official duty, contrary to the forms of the Statute, in such cases made and provided, and against the peace and dignity of the State."

It is recommended in Wilson's Criminal Forms, No. 496, that the form as the officer be as follows: "* * * the said C.D. then and there being an officer, to wit, the sheriff (or other officer, naming the office) of said county, * * *."

Branch's Ann. C.C.P., Section 1552, contains a similar recommendation. The article of the statute, being Article 1147 Vernon's Ann. P.C. (See amendment, H.B. 59, Cr. 11, p. 51, Acts of the First Called Session of the 51st Legislature) defining the offense simply says that an assault or battery becomes aggravated: "(1) When committed upon an officer in the lawful discharge of the duties of his office, * * *." There is a further condition that it be known or declared to the offender that the person was an officer discharging an official duty. We find no provision of the statute requiring an allegation as to the

kind of officer and we find no decisions of this court holding such to be necessary. We concur in the recommendations of Wilson and Branch, above referred to. Conceivably the allegation as to the kind of officer may, in certain cases, become necessary in order to admit of the proof as to some issues which may arise. In the case now before us no such issue has arisen. A cautious prosecutor should follow the suggestion contained in the two forms. On the other hand, we have an opinion, whether dicta or not, in the case of Dilliard v. State, 62 Tex. Cr. R. 321, 137 S.W. 356, in which it is stated that the allegations that the assault was made upon an officer is sufficient without any statement as to the kind of officer, and this was referred to with approval in Nestor v. State, 121 Tex. Cr. R. 22, 51 S.W. 2d 399.

If the question should appear to be dicta in the two cases cited and therefore not viewed as a pronouncement of the court on an issue then before it, the instant case does have that issue and it is our holding that the allegation in the complaint that the assault was made upon an officer in the performance of his duties, as alleged, is sufficient. We repeat that in so holding we are not in conflict with any former opinion of this court.

Appellant complains of the overruling of his motion in arrest of judgment in which it is alleged that by newly discovered evidence it may be shown that Joe Edwards was not an officer; that it is not proven that he was in the discharge of his duties as an officer and not shown that appellant knew and was informed that he was an officer discharging an official duty.

The foregoing discussion as to the sufficiency of the allegation is pertinent to the first question raised in this motion. The officer testified that the time of the trial he was an investigator for the United States Government. On the night of October 27th he was with another officer in Frank's Place at Converse, Texas. He gave evidence which we quote from appellant's brief as follows:

"Q. Were you wearing your uniform that night? A. I was.

"Q. You were acting as a commissioned officer? A. I was.

"Q. In the lawful discharge of your duties? A. Yes, sir.

"Q. What kind of a uniform did you have on? A. A blue broadcloth shirt and regular uniform trousers being whipcord type, black stripe down the sides of the trousers.

"Q. Is that the uniform that is prescribed to wear? A. Yes, sir.

"Q. That is the sheriff's department? A. That is correct."

It has been held that it is not necessary to prove that the officer had taken an oath and that he had otherwise qualified. A de facto officer has the protection the same as a regular officer. See annotations under Article 1147, Vernon's Ann. P. C.

Appellant testified in his own behalf that he went to the dance hall and was there when the fight started. He said: "There was some trouble with the officers. That was outside of the dance hall. I went outside the dance hall. I saw the officer trying to put the handcuffs on him." He then denied that he took any part in the fight and said he went to his car, found it would not start and left in a little pickup truck. At the time he left the fight was all over. He said he saw the blackjack in the officer's belt. He had been drinking with Ramiro, the party the officers first had their trouble with.

Contrary to the testimony of appellant, the prosecuting witness had testified positively that appellant was the one who assaulted him. His injuries were quite serious. He was kept in the hospital a number of days and confined to his home still a longer period. The court accepted his evidence as to the participation of this appellant in the assault and as to the aggravated circumstances. His finding is conclusive on the issue, being supported by sufficient evidence.

We find no reversible error and the judgment of the trial court is affirmed.