## HENRY TYLER ROMINE V. STATE

No. 31,745. May 11, 1960
Motion for Rehearing Overruled June 22, 1960

*Ivan Irwin* and *Pete White*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *William D. Cox, Jr., Sam S. Stollenwerck, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge

This is a conviction for aggravated assault upon an officer while in the discharge of his official duties, Sec. 1 of Art. 1147, V.A.P.C., with punishment assessed at 90 days in jail.

The testimony shows that about midnight Officer Groves in

plain clothes was engaged in the discharge of his official duties and while he was walking along the sidewalk in downtown Dallas appellant drove his automobile to the curb and ask Groves to get in the car saying "It sure is dead down here tonight. Doesn't look like anybody wants to go". At this time the appellant moved from under the steering wheel to the right side of the car which was next to the sidewalk. Appellant then unzipped his pants and exposed his penis. Officer Groves ask appellant to open the door, and when he did Officer Groves exhibited his badge to him showing that he was an officer and told the appellant that he was an officer and that he was under arrest. Appellant started out of the car on the driver's side with Officer Groves following him, and as Groves placed his leg out of the door, the appellant slammed the door on his leg. Officer Groves opened the door, grabbed the appellant, and the appellant hit him on the arm knocking him loose. After a scuffle between them, appellant drove away in his car. Another officer soon arrived and he and Officer Groves followed the appellant and took him into custody.

The appellant did not testify or call any witnesses in his behalf.

Appellant contends that his arrest by Officer Groves was illegal.

Art. 212, V.A.C.C.P. reads as follows: "A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace,' ".

Art. 216 C.C.P., provides that where the arrest may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant.

A policeman of a city is a peace officer. Art. 346, P.C.; 2 Branch (2), 374.

Title 9 of the Penal Code is entitled "Offenses against the public peace", and Chapter 3 therein enumerates "Affrays and disturbances of the peace." Art. 474, P.C., appears in said Title under Chapter 3.

It is concluded that whoever goes into or near any public

place or into or near any private house and exposes his person to another person of the age of sixteen years or over in a manner calculated to disturb those present is subject to arrest without a warrant. Such an act is an offense prohibited by Art. 474, P.C., and is classed as an offense against the public peace. Cook v. State, 155 Tex. Cr. Rep. 580, 238 S.W. 2d 200.

It is insisted that the trial court erred in applying the law of aggravated assault and battery to the facts in its charge to the jury when the information only charged an assault.

The information herein alleged that the appellant committed an "aggravated assault" as was also alleged in the information set out and approved in Nestor v. State, 121 Tex. Cr. Rep. 22, 51 S.W. 2d 399. The information here continued to charge in substantially the same averments used in Nestor. Therefore the submission of the charge to the jury was supported by the information.

The refusal to submit the requested charge of appellant's lack of intent to injure was not error because such issue was not raised by the evidence.

The complaint of the refusal of the trial court to give appellant's requested charge on his right to resist the use by an officer of more force than was necessary in making an arrest cannot be sustained as the transcript shows that such requested charge as submitted was given.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.