JOBIE KING V. THE STATE.

No. 18920. Delivered March 31, 1937.

The opinion states the case.

*Lane & Lane,* of Marshall, for appellnat.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of aggravated assault, and his punishment was assessed at a fine of $50.

The testimony adduced upon the trial of this case, briefly stated, is as follows: Felix Jones, the alleged assaulted party, was constable of precinct number four of Harrison County, Texas. On the day of the alleged offense he went to the home of appellant and that of his father, mother, and brothers; that while at their home he talked to Jessie King, a brother of appellant, and concluded that Jessie King was drunk. He arrested Jessie, handcuffed him, and undertook to take him to jail. After being handcuffed, Jessie ran into the house. The constable with drawn pistol pursued him. Appellant followed the constable, took hold of the constable's hand, in which he had the pistol, and held him to prevent him from shooting Jessie. The constable had no warrant of arrest for Jessie King and without a warrant he had no legal right to arrest Jessie even though he was drunk, because a peace officer has no authority to make an arrest without a warrant except when the offense is committed in his presence or within his view if the offense is one classed as a felony or as an offense against the public peace. See art. 212, C. C. P., 1925. Drunkenness is not classed as a felony. Neither is it an offense against the public peace. Hence the act of the constable in arresting Jessie was illegal and the prisoner had a right to effect his release and thereafter resist the officer in re-arresting him. Appellant, who was a brother of Jessie, had a legal right to prevent the officer from re-arresting Jessie, provided he used no more force than was reasonably necessary to accomplish that object. In the case under consideration there is no testimony that appellant inflicted any injury upon the constable or used any more force than was reasonably necessary to prevent the unlawful re-arrest of his brother Jessie. Therefore under the facts as above stated appellant would not be guilty of the offense charged.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.