CARLOS GONZALES V. THE STATE.

No. 23139. Delivered May 30, 1945.

The opinion states the case.

*O. B. Garcia* and *H. A. Garcia,* both of Brownsville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of marijuana, and assessed a term of two years in the penitentiary.

Appellant was arrested upon suspicion by a constable at San Benito, Texas, and taken to the county jail, and there, upon a search of his person, two small packages of marijuana were found,—one package in his shirt pocket and a further package in another pocket.

It is uncontradicted that the constable had no warrant for this arrest, but stated that he had been informed that a burglary had been committed and he had a description of a man, which description fitted appellant.

This arrest without a warrant was illegal, and the testimony obtained by this search was obtained illegally, and could not be used against appellant. His bill of exceptions No. 1 complains of the introduction of the fruits of the search, and it is sustained.

Bill of exceptions No. 2 complains of the introduction of a confession signed by appellant, the complaint being that it is shown by the testimony that the person set forth therein as having warned appellant and to whom the confession was made, was not the person to whom the statement was actually made. It is shown that David Maltby was the official interpreter for the court in which the trial was had; that he interpreted the warning for Mr. Brown, the assistant district attorney, who conducted the examination of appellant at the time the confession was taken. That the interpreter read the warning to appellant in Spanish; then translated appellant's statement, made in Spanish, into the English language to Mr. Brown, who wrote out the same on a typewriter. After same was thus typed by Mr. Brown, same was handed to the interpreter who read the same in Spanish to appellant, who signed the same in the presence of witnesses.

The interpreter testified that he was not conducting the investigation, but was merely interpreting for Mr. Brown; he would translate what Brown said to appellant, and translate appellant's reply thereto. The statement was given to Mr. Brown through the interpreter. However the interpreter testified that the statement was made to him, the interpreter; that he was told by Mr. Brown what to ask the appellant in English; that he then in Spanish asked such question, and the appellant communicated the answer in Spanish to the interpreter, who in turn told in English to Mr. Brown what the appellant had said, and Mr. Brown typed the same out, and then the interpreter read the same in Spanish to appellant, who said "that is correct" and signed the same. The interpreter testified:

"That statement was not actually given to me; it was given to Mr. Brown through me. The warning was merely translated by me to the defendant. You ask me if the statement was not actually given to Mr. Brown and not to me: No sir, this statement was given to me and I translated it to Mr. Brown."

We are of the opinion that we can say that this confession was given to Mr. Maltby, the person warning appellant. We here pretermit a discussion of whether or not this confession was also given to Mr. Brown. So believing, we think the confession to have been taken in conformity with Art. 727, C. C. P., and that same was admissible.

This cause will be reversed and remanded because of the admission of the testimony relative to what was found upon appellant's person, same having been found by virtue of his unlawful arrest without a warrant,—Art. 727a, C. C. P.

The judgment is reversed and the cause remanded.