KIRBY COOK v. STATE.

No. 25236. April 4, 1951.

*Thomas and Thomas,* by *George T. Thomas,* and *Jones and Taylor,* by *G. S. Jones,* Big Spring, for appellant.

*Elton Gilliland,* District Attorney, Big Spring, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Under an indictment for murder with malice, the conviction was for aggravated assault with punishment assessed by the jury at two years in jail and a $1,000 fine.

Appellant was a deputy sheriff for Howard County. The deceased, Ronald Williams, was a nineteen-year-old boy. On the night of February 8, 1950, the deceased came to Big Spring from Snyder and was arrested by appellant and another deputy sheriff at a night club in Big Spring and taken to jail. In the Howard County jail yard the deceased broke loose from the deputies and ran away. A short time later and several blocks

from the jail, appellant, while seated in a car, saw the deceased going down a street and gave chase on foot. As the deceased was running ahead of him, appellant fired his pistol and the bullet hit and killed the deceased.

The testimony as to the state of sobriety of the deceased when arrested was conflicting, but there was sufficient evidence to support a finding that he was drunk on the occasion.

Whittington, the night club operator, testified in part:

"* * * At the time I saw him (the deceased) come in I decided he had had too much to drink and it was the general idea that I didn't want him in there. He staggered some and his face was flushed. I have had occasion in my life to observe considerable people who were intoxicated. In my opinion the boy was intoxicated at that time."

Deputy Sheriff Finley, who was on duty with appellant, testified:

"It was my idea to arrest Williams. I had not seen him create any disturbance. I was arresting him for being drunk; or to stop the trouble. Whit didn't want him in there. I didn't see him start any trouble. I just arrested him for being drunk. That is right. I arrested him simply for being drunk."

It was appellant's claim, supported by his testimony, that the deceased was lawfully arrested without a warrant for the offense of drunkenness in a public place; that while in lawful custody, he cursed the officers and escaped; that appellant was again in pursuit of the deceased when he fired his pistol with the intent to frighten him into surrendering; that he had no intent to hit or kill him or injure the deceased and that the killing was by accident.

By their verdict, the jury absolved appellant from any intent to kill the deceased, but found him to have committed an unlawful assault upon the deceased which became an aggravated assault under the court's charge by reason of the seriousness of the injury inflicted.

The court in his charge authorized a conviction for simple assault upon a finding that appellant was guilty of an unlawful assault, if the jury entertained a reasonable doubt as to his having intent to murder or of the assault being an aggravated assault.

But the court did not attempt to apply the law of simple assault to the facts and tell the jury under what facts an assault causing serious injury resulting in death could be reduced to simple assault.

Nowhere in the charge of the court do we find any instruction or reference to the arrest made by the officers, and the jury was not instructed as to the right or duty of an officer in making an arrest and in preventing the escape of the prisoner.

If the court's charge in regard to such omissions be error, appellant's exceptions and special charges on the subject were adequate to direct the trial court's attention thereto and to raise the question on appeal.

A peace officer or any other person, may, without warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an "offense against the public peace." Such are the provisions (including the quotation marks) of Art. 212, C.C.P.

Art. 216, C.C.P., provides that where the arrest may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant.

Art. 241, C.C.P., reads as follows:

"In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detention of the accused."

Art. 244, C.C.P., provides that if a person arrested shall escape, he may be retaken without any other warrant; and, for this purpose, all the means may be used which are authorized in making the arrest in the first instance.

It is undisputed in the record that the deceased was actually placed under restraint and taken into custody by appellant and Deputy Sheriff Finley, and was therefore "arrested" as that term is explained in Art. 239, C.C.P.

It is further undisputed in the record that the deceased at the time of the killing had escaped from the officers who had arrested him, and that appellant was engaged in an effort to

retake him in order to hold him in custody for the offense for which he had been originally arrested.

If the arrest of the deceased for the offense defined by Art. 477, P.C., was lawful, appellant was entitled to have the jury instructed as to the law contained in the statutes above mentioned. If the arrest was unlawful, then the jury was entitled to know that deceased was restrained of his liberty in violation of law, and had the lawful right to resist and to escape.

In King v. State, 132 Tex. Cr. R. 200, 103 S.W. 2d 754, this court said:

"Drunkenness is not classed as a felony. Neither is it an offense against the public peace. Hence the act of the constable in arresting Jessie was illegal and the prisoner had a right to effect his release and thereafter resist the officer in rearresting him."

In Bennett v. State, 136 Tex. Cr. R. 192, 124 S.W. 2d 359, an arrest for drunkenness by a city policeman without a warrant was upheld, the case being distinguished from King v. State, supra, in the following language:

"The case of King v. State, 132 Tex. Cr. R. 200, 103 S.W. 2d 754, is not in point herein. The arrest without warrant in that particular case was effected by a constable and on King's premises and not in a public place and not by a policeman of a city, and Art. 999, supra, includes neither a sheriff nor a constable in its provisions empowering city marshals to arrest without warrant persons guilty of disorderly conduct. This arrest without warrant is justified, not under Art. 212, C.C.P., but under the broad powers given policemen under Arts. 998 and 999, R.C.S."

"We are aware that this holding evidences a different rule for sheriffs and constables from that of policemen. The former are not included in Arts. 998 and 999, R.C.S., but find their powers enumerated in Art. 212, C.C.P. and Art. 41, C.C.P., which articles may not include the power to arrest for disorderly conduct without a warrant. * * *"

Also in Crow v. State, 152 Tex. Cr. R. 586, 216 S.W. 2d 201, it was shown that the accused was drunk at a public dance hall in the presence of the arresting officer, and his arrest without warrant was held to be illegal.

We are convinced that in each of the foregoing decisions this court fell into error. The trial court here may have thus been led into error in regard to his charge.

Art. 212, C.C.P., clearly authorizes an officer to arrest an offender without warrant when an offense is committed in his presence if such offense is one "classed" as an "offense against the public peace."

Referring to the Penal Code, we find that Title Nine thereof bears the name "Offenses Against The Public Peace" and that Art. 477, P.C., appears in said Title under Chapter 3, "Affrays and Disturbances Of The Peace."

We now hold that one found in a state of intoxication in any public place or at any private house except his own is subject to arrest without warrant for the offense defined in Art. 477, P.C., such offense being classed as an offense against the public peace. Insofar as the prior decisions referred to or others may be in conflict with such holdings, they are expressly overruled.

Under the court's charge submitting aggravated assault, a conviction for that offense was required if the shooting was found by the jury to constitute an unlawful assault. And yet the jury was without guide as to the law regarding the rights and duties of the officers if the facts were found to support the legality of the arrest, and of the limitations placed by the law upon arresting officers in the use of excessive force and violence.

If appellant intended when firing his pistol to hit the deceased and inflict upon him any character of harm, the assault would doubtless be unlawful and would constitute at least an aggravated assault.

But if in the performance of the duty and right given him by law in attempting to arrest, hold in custody and rearrest the deceased for drunkenness in a public place, he fired his pistol without any intent to hit the deceased, but solely in order to scare him, the offense could be no more than a simple assault. See Crowley v. State, 146 Tex. Cr. R. 269, 174 S.W. 2d 321.

The jury should have been instructed to this effect in connection with the charge authorizing a conviction for simple assault. We see no other premises upon which such charge would have been called for.

At all events, the arrest and attempt to rearrest was the reason for appellant's presence and actions, and the court should have instructed the jury regarding all phases of the arrest, and thus permitted the jury to know the rights and duties of the officers as well as the law's limitations and restrictions upon them.

And the jury should have been instructed as to his right to use reasonable force in making such arrest and in attempting to rearrest. See Wynn v. State, 129 Tex. Cr. R. 306, 86 S.W. 2d 1087; Smith v. State, 139 Tex. Cr. R. 355, 140 S.W. 2d 452.

But in this connection, it would be proper that the jury be instructed also as to the right of the deceased to resist arrest and rearrest in the event they found the arrest to have been illegal, or if they found excessive force to have been used though the arrest was legal.

Upon another trial the charge on accident should be so worded as to clearly apply to the striking of the deceased by the bullet rather than the firing of the gun.

For the errors discussed, the judgment is reversed and the cause remanded.

Opinion approved by the court.