RAYMOND RANDOLPH RENT V. STATE

No. 26,999. May 19, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) June 23, 1954

*M. Gabriel Nahas, Jr.*, Houston, for appellant.

*Ewing Werlein,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice, State's* Attorney, for the state.

GRAVES, Presiding Judge.

Appellant was charged with the unlawful possession of barbiturates, and upon his trial before the court, he was found guilty and his punishment assessed at a fine of $500.00 and confinement in the county jail for a term of six months.

The testimony adduced upon the trial is to the effect that Cecil Rose, a member of the Texas Highway Patrol, on the 27th day of October, 1953, while patrolling Highway 75, about three miles south of Houston in Harris County, observed a 1953 Mercury automobile travelling down the road at a high rate of speed and "driving all over the road." He stopped this car and found one, William Schmidt, doing the driving. He appeared to be drunk. The officer also found therein the appellant and his wife, Linda Rent. "He (appellant) appeared to be drunk or under some kind of intoxicating - - -." The patrolman carried all three occupants of the car to the county jail where a complaint was filed against the appellant. However, at the scene of their arrest, the appellant was searched and nothing of consequence was found upon his person. After they were brought to jail and charges filed against him, a warrant issued thereunder. They were again searched and eventually Mr. Sanders, the jailer, while assisting the appellant in removing his clothing, found in the appellant's left-hand coat pocket three red pills. It seems that at the time the jailer said to the appellant, "What's this?" Appellant seems to have made no answer thereto. These three red pills or capsules were given to the city chemist, who testified that "the contents thereof were ethyl allyl barbiturate. *** They contained approximately one and one-half grams each of the barbiturate."

It seems as though Mr. Schmidt, the driver of the car, admitted that he had been drinking some, and testified, "I had been drinking pretty much. It also seems that appellant's wife had "passed out" at the time they were apprehended in the automobile.

Appellant testified and denied that he had any pills in his pocket and stated that he had been "shook down" or searched three times. He stated that the jailer did not help to take off his coat at the time it was claimed by him that he found these

three pills in the appellant's pocket. However, he admitted that the jailer asked him, "Where did you get these pills that were in your pocket?" Appellant replied, "What pills?" The jailer pulled an envelope out of his pocket about half way and appellant said, "Let me see them," and the jailer replied, "I don't have to show you anything." Appellant dénied that he had any red pills, or any other kind of pills, on him at any time.

It seems that there was some conflict between the witnesses as to whether or not these pills came out of the appellant's pocket, but this matter was decided against him by the court before whom the trial was had without the intervention of a jury.

The arrest of the appellant, whom the officer found to be intoxicated in a public place, was a lawful arrest. See. Cook v. State, 155 Texas Cr. Rep. 580, 238 S.W. 2d 200; and Morgan v. State, 159 Texas Cr. Rep. 231, 262 S.W. 2d 713.

The arrest being lawful, the incidental search of his person was therefore lawful.

Finding no error reflected by the record, this cause will therefore be affirmed.