## OPAL MAYS V. STATE

No. 29,125. June 29, 1957.

*Bill M. Dickson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White* and *Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted as a second offender of unlawfully possessing barbiturates and her punishment assessed at confinement in the penitentiary for five years.

Officer Elkins of the Houston Police Department testified that on July 20, 1956, while on duty around 7:20 A.M., he received a radio dispatch to the White Cafe located in the 5200 block of Jensen Drive; that when he arrived at the location he observed the appellant sitting on the shoulder of the road in an intoxicated condition, whereupon he placed her under arrest, and proceeded to take her to the police station; that on the way to the station appellant took a bottle from her purse containing some red capsules which he took from her; that after he arrived at the station and had placed appellant in jail he took the bottle to the narcotics division where it was determined that it contained twenty-one capsules. He testified that he then marked the bottle by making a scratch on the bottom with his knife, placed it in a sealed envelope which he dropped in a locked box for the chemist. The bottle containing the capsules, upon being exhibited to him was positively identified by him as the bottle which he had taken from the appellant.

It was further shown that the bottle contained a prescription number, the date "11-14-56," the names "Dr. McKinney," "Opal Mays" and "Schults Pharmacy" as the name of the druggist who filled the prescription.

Ileda Stanley, matron at the police station, testified that in searching the appellant on the occasion of her being booked into jail, she found under her clothing one red capsule in a wad of tissue paper which she put in a sealed envelope containing identification marks of a third person and placed in a locked box in the identification room.

Chemist McDonald testified that he removed the envelope containing the bottle and tissue paper from the locked box and from his examination of the twenty-one capsules in the bottle and the one capsule in the tissue paper found that each contained a derivative of barbiturate acid, seco barbital.

Appellant's prior conviction was stipulated.

Dr. A. W. McKinney upon being called as a witness by appellant testified that appellant had been under his treatment for over a year for hemorrhoids and a general nervous condition and that on November 14, 1956, he gave appellant a prescription for twelve seconal tablets which is a trade name for a type of barbiturate. Dr. McKinney identified the twenty-one capsules in the bottle as being seconal capsules and of the same type he had prescribed.

Herbert F. Schultz testified that he was a registered pharmacist and identified the label on the bottle as being a prescription for twelve seconal capsules he had filled upon order of Dr. McKinney and delivered to the appellant.

Appellant did not testify.

The court, in his submission of the case, charged the jury as to the provisions of Secs. 3 (a) (1) and (2) of Art. 726c, Vernon's Ann. P.C. and instructed them that if they found that appellant possessed the barbiturates but that such barbiturates were delivered to her by a pharmacist upon a prescription of a practitioner or doctor, or if they had a reasonable doubt thereof, to acquit her.

The record presents certain informal bills of exception which appellant insists reflect reversible error.

By Bills Nos. 1, 2 and 3 appellant complains of the action of the court in sustaining the state's objection to certain questions propounded by appellant to Officer Elkins on his cross examination. The bills are deficient and present nothing for review in that they fail to show what the answer of the witness would have been. Adams v. State, 114 Texas Cr. Rep. 494, 24 S.W. 2d 48; King v. State, 151 Texas Cr. Rep. 410, 208 S.W. 2d 376 and Smith v. State, 156 Texas Cr. Rep. 253, 240 S.W. 2d 783.

Bill of Exception No. 5 presents appellant's objection to the admission in evidence of the twenty-one capsules found in the

bottle and the one capsule and tissue paper allegedly taken from her on the ground that it had not been clearly shown that they were the same capsules taken from her person. We find no error in admitting the articles in evidence. Officer Elkins positively identified the bottle and twenty-one capsules as those which he took from the appellant. The chain of custody of the bottle and capsules was sufficiently shown by his testimony that he placed the bottle and capsules in an envelope with identifying marks thereon in the locked box and Chemist McDonald's testimony identifying the envelope, bottle and capsules as those which he took from the box. Mrs. Stanley, the jail matron, testified that the one capsule and tissue were those which she took from the appellant's person. While her identification is not positive, it is sufficient to authorize the admission of the articles in evidence. Appellant's objection went to the weight of the evidence rather than its admissibility. See 18 Texas Jur. 330, Sec. 204.

Bill No. 6 complains of the action of the court in overruling appellant's motion for instructed verdict on the ground that the evidence was acquired as the result of an illegal arrest and on the further ground that the evidence did not show that she unlawfully possessed a barbiturate.

The testimony of Officer Elkins that he found appellant in a public place in an intoxicated condition authorized her arrest without a warrant and the arrest being lawful the incident search of her person was lawful. Cook v. State, 155 Texas Cr. Rep. 580, 238 S.W. 2d 200; Morgan v. State, 159 Texas Cr. Rep. 231, 262 S.W. 2d 713 and Rent v. State, 160 Texas Cr. Rep. 326, 268 S.W. 2d 674.

Under the provisions of Sec. 3a (e) of Art. 725c, supra, the possession of a barbiturate by any person, unless the same is obtained from a pharmacist upon an original prescription or delivered by a practitioner and in the original containers provided by sections (1) and (2) of the act, is unlawful. Appellant's possession of barbiturates in the form of twenty-two seconal capsules is clearly shown.

The testimony of her witnesses shows that the prescription on the bottle which she had in her possession was for only twelve capsules.

The jury was authorized to find that she unlawfully possessed the ten extra barbiturate capsules for which she had no

prescription and upon which the conviction may be clearly sustained.

The other informal bills of exception to the court's rulings on the admission of evidence have been considered and no reversible error was shown.

The judgment is affirmed.

Opinion approved by the Court.