**Eddie DANIELS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37754.**

Court of Criminal Appeals of Texas.

Feb. 17, 1965.

Rehearing Denied March 31, 1965.

Herschel B. Cashin, Galveston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is unlawfully carrying a pistol; the punishment, three months in jail.

The state's evidence shows that appellant was arrested for being drunk in a public place by an officer of the La Marque Police Department. The officer drove him to the police station in his patrol car where he searched him and found a pistol in his coat pocket.

Appellant seeks reversal upon the grounds (1) that the arrest was unlawful; (2) the court erred in refusing to submit to the jury the question of whether the defendant was intoxicated; (3) the search was not an incident to the arrest and (4) he was deprived of an effective procedure for vindicating his constitutional rights by the summarily overruling of his motion challenging the legality of the arrest, search and seizure.

The arresting officer testified that on the day alleged in the information he was driving a La Marque patrol car in which he had a prisoner charged with being drunk.

As the car approached an intersection he noticed the appellant and a companion walking across the road in front of the patrol car; that his attention was drawn to appellant because he was unsteady on his feet and staggered as he walked.

The officer stopped the patrol car and called appellant to him. A conversation ensued during which the officer noticed that appellant's speech was incoherent and that he had a strong odor of alcohol about his person. The officer concluded that appellant was intoxicated and directed him to get in the patrol car.

Appellant, testifying in his own behalf, admitted having the pistol when he was arrested and testified that he got it from his brother with the intention of selling it or pawning it to a Mr. Pruitt who owned a business establishment in the vicinity of his arrest.

Appellant further testified that when he was searched, and the officer found the pistol in his pocket, it was empty and the two cartridges were loose in his pocket.

It has been often held by this Court that error in the admission of evidence obtained as the result of an illegal search becomes harmless where the defendant testifies and affirms the truth of such evidence. Lee v. State, 148 Tex.Cr.R. 220, 185 S.W.2d 978; Welch v. State, 143 Tex.Cr.R. 529, 154 S.W.2d 248, and cases cited in Texas Digest, Criminal Law ⬥1169(2), 1169(3). See also 5 Tex.Jur.2d, Sec. 446, p. 708, citing Kilrain v. State, 166 Tex.Cr.R. 265, 313 S.W.2d 299.

We need not rest our decision upon the waiver of objection, however.

When the officer concluded from what he observed that appellant was drunk in a public place, it was his duty to arrest him. Under the facts above shown, the officer had sufficient cause to so believe and conclude and the arrest was lawful. Cook v. State, 155 Tex.Cr.R. 580, 238 S.W.2d

200; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501.

The search was incident to the lawful arrest and was not unlawful. Aaron v. State, 163 Tex.Cr.R. 635, 296 S.W.2d 264; Mays v. State, 165 Tex.Cr.R. 123, 304 S.W. 2d 118.

Our holding that the arrest and search were lawful and the fact that appellant testified that the pistol was in his pocket dispose of appellant's remaining claim of error.

The judgment is affirmed.