COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JOSE ACEVEDO, | | No. 08-07-00006-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 2 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20060C04521) |
| | § | |

**O P I N I O N**

Jose Acevedo appeals his conviction of driving while intoxicated. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. The trial court assessed punishment in accordance with the plea bargain at confinement for 180 days, probated for twelve months, and a fine of $750. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Around noon on April 1, 2006, Immigration and Customs Enforcement (ICE) Agents Gerardo Lopez and Jose Luis Montes, were transporting a released inmate from the jail annex to the Border Patrol station. Before arriving at the jail annex, Agent Lopez noticed Appellant on a motorcycle. He kept weaving from side to side and at one point, he let go of one of the handles. It initially appeared to Agent Lopez that Appellant was learning how to drive the motorcycle. Approximately thirty-minutes later, Agent Lopez departed from the jail annex and again saw Appellant on the motorcycle. Appellant pulled out of the Putt Putt Golf complex, turned onto the same street, and began traveling in the same direction as Agents Lopez and Montes. Agent Lopez observed Appellant weaving from side to side on the road and demonstrating a lack of balance.

Based on these observations, Agent Lopez suspected that Appellant was intoxicated. When they both stopped at a red light, Agent Lopez lowered his window and asked Appellant if he was alright. Appellant looked at Agent Lopez and "kind of moved his head," but he did not really respond to the question. Agent Lopez observed that Appellant had poor balance and extremely red eyes. He informed his partner that Appellant appeared to be intoxicated and pulled him over by activating the overhead lights and by waving his hand. Agent Lopez explained that he stopped Appellant because he considered him to be a danger to himself and others and he feared Appellant would either become involved in an accident or cause an accident. When asked by the trial court to explain what authority he had to stop Appellant, Agent Lopez replied, "Just citizen's arrest, Your Honor." After he exited his vehicle and approached Appellant, Agent Lopez again asked Appellant if he was alright. Appellant responded that he had been drinking. Based on his experience of observing intoxicated individuals, Agent Lopez concluded that Appellant was intoxicated. Agent Lopez then took the keys from the motorcycle to prevent Appellant from leaving. He conducted a pat-down search for safety and handcuffed Appellant until the El Paso Police Department officer arrived some thirty minutes later.

Officer Alfonso Montelongo was dispatched to assist the ICE agents who had detained Appellant. Montelongo was informed that the agents had observed Appellant operating a motorcycle in a public place and that he appeared to be intoxicated. One of the agents also told Montelongo that he smelled alcohol on Appellant. Appellant admitted to Montelongo that he had been drinking at a friend's house. Montelongo observed that Appellant had a strong odor of an alcohol on his breath, his eyes were extremely red, and his speech was slurred. Based on his observations, Montelongo formed the opinion that Appellant was intoxicated. Montelongo then asked the dispatcher to locate a certified standard field sobriety test officer. Approximately ten minutes later, Officer Raul Porras

arrived on the scene and performed the standard field sobriety tests. Based upon Appellant's performance, Officer Porras formed the opinion that Appellant was intoxicated and arrested him for driving while intoxicated.

Appellant filed a motion to suppress the evidence seized as the result of his arrest because the arrest was made without a warrant or probable cause. At the suppression hearing, the State argued that the stop was solely for a breach of the peace, either public intoxication or driving while intoxicated. The trial court denied the motion to suppress, finding that the ICE agents had authority to stop Appellant and detain him until the El Paso Police arrived because the ICE agents observed Appellant committing an offense that was a breach of the public peace.

**WARRANTLESS ARREST**

Appellant brings two issues challenging the trial court's denial of his motion to suppress the warrantless arrest. In Issue One, he argues that because the evidence does not establish that he committed a breach of the peace, the warrantless arrest is illegal. In Issue Two, he contends that the arrest was not a valid exercise of the ICE agents' "community caretaking function."

*Standard of Review*

We review a trial court's ruling on a motion to suppress using the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App. 1997). *See Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000); *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.-- El Paso 2002, pet. ref'd). At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Consequently, we do not engage in our own factual review. *Id*. Almost total deference is given to the trial court's ruling on questions of historical fact and application of law-to-fact questions that turn on an evaluation of credibility and demeanor.

*Montanez v. State*, 195 S.W.3d 101, 107 (Tex.Crim.App. 2006), *citing Guzman*, 955 S.W.2d at 89.

A trial court's rulings on mixed questions of law and fact that do not turn on the credibility and

demeanor of witnesses are reviewed *de novo*.  *Id*.  Furthermore, when a trial court fails to file

findings of fact, such as in this case, we view the evidence in the light most favorable to the trial

court's ruling.  *Ross*, 32 S.W.3d at 855.

*Out-of-Jurisdiction*

Appellant complains that the ICE agents were "out-of-jurisdiction" at the time of the arrest.

A peace officer who is outside his jurisdiction may arrest, without warrant, a person who commits

an offense within the officer's presence or view, if the offense is a felony, a violation of Chapter 42

or 49 of the Penal Code, or a breach of the peace.  TEX.CODE CRIM.PROC.ANN. art. 14.03(d)(Vernon

Supp. 2007).  The record does not reflect that ICE agents are peace officers or that the ICE agents

involved here were out of their jurisdiction when they made the arrest.  We need not address this

aspect of Appellant's argument because the State proceeded on the theory that the warrantless arrest

was a valid citizen's arrest under Article 14.01(a) of the Code of Criminal Procedure.

*Citizen's Arrest for Breach of the Peace*

An offense against the public peace is not statutorily defined.  The Court of Criminal Appeals

has explained the term "breach of the peace" this way:

> The term 'breach of the peace' is generic, and includes all violations of the public
> peace or order, or decorum; in other words, it signifies the offense of disturbing the
> public peace or tranquility enjoyed by the citizens of a community; a disturbance of
> the public tranquility by any act or conduct inciting to violence or tending to provoke
> or excite others to break the peace; a disturbance of public order by an act of
> violence, or by any act likely to produce violence, or which, by causing consternation
> and alarm disturbs the peace and quiet of the community.  By 'peace,' as used in this
> connection, is meant the tranquility enjoyed by the citizens of a municipality or a
> community where good order reigns among its members.  Breach of the peace is a
> common-law offense.  It has been said that it is not a specific offense, yet it may be,
> and at times is, recognized as such by statute or otherwise; and only when so

regarded will it be considered in this article.

> The offense may consist of acts of public turbulence or indecorum in violation of the common peace and quiet, of an invasion of the security and protection which the laws afford to every citizen, or of acts such as tend to excite violent resentment or to provoke or excite others to break the peace. Actual or threatened violence is an essential element of a breach of the peace. Either one is sufficient to constitute the offense. Accordingly, where means which cause disquiet and disorder, and which threaten danger and disaster to the community, are used, it amounts to a breach of the peace, although no actual personal violence is employed. Where the incitement of terror or fear of personal violence is a necessary element, the conduct or language of the wrongdoer must be of a character to induce such a condition in a person of ordinary firmness.

*Woods v. State*, 152 Tex.Crim. 338, 213 S.W.2d 685, 687 (1948), *quoting Head v. State*, 131 Tex.Crim. 96, 99, 96 S.W.2d 981, 982 (1936)(*quoting* 9 Corpus Juris at 386-88). The court concluded that whether a specific act constitutes a breach of the peace depends upon the surrounding facts and circumstances in a particular case. *Woods*, 213 S.W.2d at 687.

More recently, the court has reiterated that some crimes are, by their very nature, offenses against the public peace. *Miles v. State*, 241 S.W.3d 28, 41 (Tex.Crim.App. 2007). These include public drunkenness and driving while intoxicated. *Miles*, 241 S.W.3d at 41, *citing Heck v. State*, 507 S.W.2d 737, 740 (Tex.Crim.App. 1974)("Being drunk in a public place is a breach of the peace."); *Romo v. State*, 577 S.W.2d 251, 252-53 (Tex.Crim.App. 1979)(driving while intoxicated is a breach of the peace); *McEathron v. State*, 163 Tex.Crim. 619, 621, 294 S.W.2d 822, 823 (1956)(drunkenness and driving while intoxicated are breaches of the public peace). Noting that there may be circumstances where this is too broad a position, the court stated that the statutory authorization for both officers and citizens to arrest for an "offense against the public peace" codifies an "exigent circumstances" exception to the warrant requirement. *Miles v. State*, 241 S.W.3d at 41. The court then held:

> Based on the history and purpose of Article 14.01(a), as well as precedent, we

> reaffirm the reasoning in *Woods* and conclude that a citizen may make a warrantless arrest of a person who commits a misdemeanor within the citizen's presence or view if the evidence shows that the person's conduct poses a threat of continuing violence or harm to himself or the public. It is the exigency of the situation, not the title of the offense, that gives both officer and citizen statutory authorization to protect the public from an ongoing threat of violence, harm, or danger by making a warrantless arrest.

*Id.* at 42.

The evidence admitted at the suppression hearing established that the ICE agents did not stop Appellant for committing a traffic offense such as failure to travel in a single lane. TEX.TRANSP.CODE ANN. § 545.060 (Vernon 1999). Instead, Agent Lopez pulled Appellant over and detained him because he believed, based on his observations and experience, that Appellant was intoxicated and constituted a danger to himself and others. Subsequent observations of Appellant by Agent Lopez and the El Paso police officers only served to reinforce the conclusion that Appellant was intoxicated. The evidence demonstrates that Appellant committed a misdemeanor, either public intoxication[1] or driving while intoxicated,[2] in the view of Agent Lopez, and Appellant's conduct posed a continuing threat of harm to himself and to the public. This evidence is sufficient to show that exigent circumstances existed warranting a citizen's arrest pursuant to Article 14.01(a). The trial court did not abuse its discretion by denying the motion to suppress. We therefore overrule Issue One. Having found that the warrantless arrest of Appellant was authorized by Article 14.01(a), it is unnecessary to address Issue Two. We affirm the judgment of the trial court.

May 8, 2008

---

[1] A person commits the offense of public intoxication if the person appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX.PENAL CODE ANN. § 49.02(a)(Vernon Supp. 2007).

[2] A person commits driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04 (Vernon 2003).

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)