John K. PARKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 28380.

Court of Criminal Appeals of Texas.

June 27, 1956.

On Rehearing Oct. 10, 1956.

Martin & Bailey, by. James H. Martin, Dallas, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for murder without malice under Art. 802c, Vernon's Ann.P.C.; the punishment, four years in the penitentiary.

No statement of facts accompanies the record.

Appellant presents two formal bills of exception. Both complain of the admission of certain evidence.

In the absence of a statement of facts we are in no position to appraise the bills of exception relating to the admission of evidence. 4 Tex.Jur. 235, Sec. 168.

The judgment is affirmed.

Opinion approved by the Court.

On Motion for Rehearing

MORRISON, Presiding Judge.

A statement of facts properly filed in time in the trial court has been forwarded

to this Court, and the case will now be discussed on its merits.

■ The witness Morrison testified that he was proceeding west on the highway from Terrell when he observed the appellant driving a pickup truck overtaking him from the rear, that he pulled off the road in order to prevent the appellant from running into him or the automobile which was approaching. He stated that the appellant continued in a westerly direction, weaving back and forth across the center line at a high rate of speed until he finally attempted to pass another automobile and collided with still another oncoming automobile on the appellant's left-hand side of the highway.

It was shown that this was a head-on collision and that two occupants of the automobile with which the appellant collided died as the result thereof.

Sergeant Miller of the Texas Highway Patrol arrived upon the scene of the collision shortly thereafter and testified as to the respective positions of the motor vehicles involved, the presence of skid marks made by the automobile in which the deceaseds were travelling, and the absence of any skid marks made by the appellant's pickup. He stated that shortly after he arrived the appellant was carried away in an ambulance and that he followed him to the hospital, where the appellant told him that he had been the driver of the pickup and had been drinking. He stated further that the appellant consented to the taking of a blood specimen, and it was shown by proper proof that appellant's blood contained .26 percent of alcohol, which was evidence of intoxication. Miller testified that he smelled liquor on the appellant's breath but declined to express an opinion as to appellant's state of intoxication because he was evidently in great pain as the result of the injuries sustained in the accident.

A broken whiskey bottle was found near the wreck, but it was not traced into the appellant's possession.

The appellant offered his wife and two other witnesses who had seen him shortly prior to the collision and who testified that he was not intoxicated when they saw him. He also produced a number of character witnesses.

Appellant, testifying in his own behalf, denied that he had been drinking on the day in question and stated that he had not seen the automobile with which he collided in time to apply his brakes or to avoid hitting it.

The jury resolved the disputed issue of the appellant's intoxication against him, and we find the evidence sufficient to support the conviction.

Though the question of the sufficiency of the evidence is not raised by the appellant, the writer feels that the facts before us here should be distinguished from those in Ramirez v. State, Tex.Cr.App., 289 S.W.2d 251.

In the Ramirez case it was shown that at the time the blood test was made the appellant had .13 percent of alcohol in his blood, and by a process of deduction that the appellant had .18 percent of alcohol at the time of the collision. The standard accepted by the American Medical Society to indicate intoxication is .15 percent.

In the case at bar it was shown that at some time after the collision the appellant had .26 percent of alcohol in his blood.

■ We shall discuss the contentions advanced in the appellant's brief. He contends that the court erred in permitting the witness Miller to testify as to his conversation with the appellant at the hospital following the collision on the grounds that the appellant was then under arrest. The only evidence on the question was Miller's statement that he did not then arrest the appellant, together with a showing that the appellant was carried from the Terrell Hospital to Parkland Hospital in Dallas in a private ambulance of his wife's choosing on the afternoon of the day of the collision and there remained for some time.

He was not shown to have been placed in custody by any officer at any stage of the proceedings.

We have concluded that the record does not reveal that the appellant was under arrest at the time of the conversation. If it had, we do not find that the appellant saved his objections to the testimony of which he complains. The objections were made in general terms after the questions had been propounded and answered, and the appellant did not request the trial court to instruct the jury to disregard the answers.

■ Appellant next complains that the prosecutor in his cross-examination of the appellant's wife went beyond the scope of her direct examination. We have examined the statement of facts carefully and fail to find any objection interposed during the cross-examination of appellant's wife, and therefore nothing is presented for review.

Finding no reversible error, the judgment of the trial court is affirmed.