HOWARD FLETCHER V. STATE

No. 28,628. January 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 27, 1957.

*Kelley, Looney, McLean & Littleton,* and *Charles F. Weaver,* Edinburg, for appellant.

*Jim Bates,* Criminal District Attorney, by *R. L. Lattimore,* First Assistant Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 90 days in jail and a fine of $50.00.

Highway Patrolman Solomon testified that at approximately 2:14 P.M. on the day in question, in response to a call, he went to a filling station located approximately a mile from the international bridge in the city of Hidalgo and there observed the appellant seated in the driver's seat of an automobile. He stated he could smell a strong odor of alcohol about the appellant, noticed that his eyes were bloodshot, his hair "rumpled up" and his clothes disarranged, that he staggered when he walked, and concluded that he was intoxicated. The appellant and his companion were arrested, the companion placed in the city jail, and the appellant carried to the hospital, where a specimen of his blood was taken with his consent and, when analyzed, showed that it contained .255 per cent of alcohol.

Expert opinion testimony was introduced to show that such percentage of alcohol in the blood would indicate intoxication. In this connection, attention is directed to the findings of the American Medical Association as set forth in our opinion in Jones v. State, 159 Texas Cr. Rep. 29, 261 S.W. 2d 161.

Plant Quarantine Inspector Dunn and U. S. Customs Collector Moreno testified that the appellant drove his automobile across the international bridge at approximately 2:00 P.M. on the day in question and his automobile was inspected by them. Dunn stated, "* * * I think I can tell when a man is drunk, just from my experience, and in my opinion the man was intoxicated." Dunn called the McAllen police as the appellant drove away.

The appellant, testifying in his own behalf, stated that he had driven a friend to Mexico to buy a bottle of Tequila, that he had two tequila sours while in Mexico, and then drove back to the filling station where he was arrested. He stated that he and his friend sat in his automobile at the filling station "some-

thing like twenty-five minutes" and partook of the contents of the bottle of tequila. Appellant admitted that his companion was intoxicated but denied that he was as he crossed the international bridge.

The appellant has filed a lengthy brief in which he advances a great many contentions, some of which he admits he has been unable to find authority to support.

His first contention is that the arrest of the appellant was illegal because the arresting officer did not see the appellant drive his automobile. The officer had the authority, and it was his duty, to arrest the appellant for being drunk in a public place. Article 212, V.A.C.C.P.; Cook v. State, 155 Texas Cr. Rep. 580, 238 S.W. 2d 200; Morgan v. State, 159 Texas Cr. Rep. 231, 262 S.W. 2d 712; Rent v. State, 160 Texas Cr. Rep. 326, 268 S.W. 2d 674. The fact that the officer thought that he was then in possession of sufficient information to authorize him to arrest the appellant for driving while intoxicated could not affect his authority or his duty to arrest for being drunk in a public place.

The conclusion thus reached obviates the necessity of discussing the appellant's next contention that the evidence concerning the blood test was inadmissible because of the illegality of the arrest.

Appellant next contends that the court erred in not declaring a mistrial when officer Solomon told the jury that the appellant at first refused to take a blood test. Had there been no further evidence on the matter, a serious question would have been presented, but, in view of Solomon's later testimony that the appellant did some time later give his consent in writing to the making of the test, no error is presented. Error is often cured by subsequent testimony.

Appellant's complaint concerning the court's charge cannot be appraised in the absence of any type of bill of exception raising the same.

Appellant next contends that the court erred in permitting the witness Dunn to give an opinion as to the appellant's state of intoxication. The witness had given his opinion before the objection was made, and no motion was made requesting the jury to be instructed to disregard the evidence which had al-

ready been introduced. In the absence of such a motion, no error is reflected by this bill.

Appellant complains because of the failure of the court to charge the jury on the law of circumstantial evidence.

The witness Dunn stated that in his opinion the appellant was intoxicated as he drove off the international bridge. The appellant admitted driving from the bridge to the filling station. These facts take this case out of the circumstantial evidence rule.

The appellant contends that the failure of the state to make inquiry of its witness Moreno as to the appellant's intoxication would authorize this court to treat this case as one evidencing a reasonable doubt as to the sufficiency of the evidence to support the conviction under the rule of the majority opinion in Ramirez v. State, 163 Texas Cr. Rep. 109, 289 S.W. 2d 251.

Recently, in Parker v. State, 163 Texas Cr. Rep. 479, 294 S.W. 2d 120, we said:

"In the Ramirez case it was shown that at the time the blood test was made the appellant had .13 percent of alcohol in his blood, and by a process of deduction that the appellant had .13 percent of alcohol at the time of the collision. The standard accepted by the American Medical Society to indicate intoxication is .15 percent.

"In the case at bar it was shown that at some time after the collision the appellant had .26 percent of alcohol in his blood."

We have concluded that the Parker case is here applicable and controlling.

Finding no reversible error, the judgment of the trial court is affirmed.