Aubrey Joe **EASLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 42493.

Court of Criminal Appeals of Texas.

Jan. 7, 1970.

Donald D. Koons, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., and William Hill, Jim Barklow, John B. Tolle, Camille Elliott and James P. Finstrom, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is rape; the punishment, 99 years.

Appellant was clearly identified by the complaining witness as the man who grabbed her on a Dallas County public street on September 15, 1967, forced her into a nearby garage and raped her. The State also offered appellant's written confession.

Court appointed counsel on appeal poses the following two questions:

"1. Whether Appellant knowingly, intelligently, and voluntarily waived his constitutional rights so as to make a written confession admissible in evidence against him.

"2. Whether the record shows sufficient compliance with Article 15.17 Texas Code of Criminal Procedure dealing with the taking of a Defendant before a magistrate, before Appellant was questioned about any alleged rape; the record reflecting that he was arrested for offenses other than those for which he was tried."

Appellant commences his argument by contending the dissent in Charles v. State, Tex.Cr.App., 424 S.W.2d 909, cert. den. 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401, properly interpreted the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694, as to the requisite warnings and affirmative waiver of rights. Conceding that even if the majority's position in Charles was correct that the warnings under Articles 15.17 and 38.22, Vernon's Ann.C.C.P., 1965, then in effect, were as "fully effective" as Miranda without regard to waiver, appellant calls attention to the 1967 amendments to Articles 15.17 and 38.22, supra, particularly with reference to the requirements of Article 38.22, supra, as to waiver.

Article 38.22, Sec. 1(c) (3) provides in part:

"The defendant must knowingly, intelligently, and voluntarily waive these rights prior to and during the making of the statement."

Appellant contends that whatever interpretation may be given to the Miranda requirement as to waiver the above quoted portion of Article 38.22, supra, must now be considered with regard to the admissibility of any confession.

He claims the record before us does not show that he affirmatively waived his rights and the court erred in admitting, over objection, his confession.

The record shows appellant was arrested on October 14, 1967. While not as clear as it should be, the record reflects that on the following day (October 15) appellant was taken before a magistrate and given the warnings required by Article 15.-17, supra, as to a theft charge upon which he was being held. Later that day Officer Babb of the Dallas Police Department began to interrogate this 23 year old appellant, who had attended high school and who was on probation for burglary. Prior thereto he gave the appellant warnings in accordance with Miranda and Article 38.22, supra. The appellant acknowledged that he understood his rights and the interrogation commenced. Within 45 minutes appellant confessed to the rape charged. The confession was then reduced to writing and read along with the warnings contained

therein to the appellant in the presence of a newspaper reporter. The appellant followed the reading thereof and acknowledged the confession was true and correct. Thereafter he signed the confession which was witnessed by the news reporter.

Following the rather complete warnings in the written confession, the following statement is found:

"I do not want to consult with a lawyer prior to or during the answering of any questions or the making of this statement and I do hereby knowingly and voluntarily waive my above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and through no fear, coercion or threat of physical harm by any person or persons whomsoever."

While it may not be determinative thereof, such statement in the confession is a factor to be considered in determining if the accused affirmatively stated he desired to relinquish and waive his rights. See Torres v. State, Tex.Cr.App., 422 S.W.2d 741 (concurring opinion); United States v. Hayes, 5 Cir., 385 F.2d 375.

When taken together with the fact that appellant was properly warned and was aware he was free to exercise his rights and privilege against self-incrimination at that point in time, it is most persuasive. Particularly is this true when the interrogation and the taking of the statement was completed within a reasonably short time after the warnings were given.

■ Further, there is no showing of lengthy interrogation or incommunicado incarceration which would mitigate against the finding of a valid waiver. There was no showing that appellant was tricked or cajoled into waiver and no question of physical or psychological coercion. Considering the "totality of the circumstances" as we did in McCandless v. State, Tex.Cr. App., 425 S.W.2d 636, we conclude the State has discharged its burden as to waiver and the court did not err in admitting the confession. See Torres v. State, supra; Gunter v. State, Tex.Cr.App., 421 S.W.2d 657; Walling v. State, Tex.Cr. App., 437 S.W.2d 563.

Ground of error # 1 is overruled.

We note further that the trial judge conducted a hearing in the absence of the jury, determined the confession's voluntariness and admissibility and filed his findings before such instrument was offered in evidence before the jury.

When the appellant subsequently testified for the first time in the jury's presence that he had signed a confession but thought the offense was burglary instead of rape, the court submitted the issue of the confession's voluntariness to the jury.

■ As to appellant's second contention that the record fails to show a sufficient compliance with Article 15.17, V.A.C.C.P., prior to appellant's interrogation as to the alleged rape, attention is again called to the 1967 amendment to Article 38.22, supra. No longer is the validity of a confession dependent under Texas statutes upon warnings by both a magistrate under Article 15.17, supra, and the person taking the confession under Article 38.22, supra. Proper warnings by either may now suffice. Appellant was properly warned by the person taking the confession, and the failure to take him before a magistrate prior to the taking of the confession does not affect its validity, in absence of a showing of a causal connection between the giving of confession and the failure to take him before the magistrate. It does appear that appellant had been before a magistrate earlier on the day in question but in connection with another charge.

Ground of error #2 is overruled.

The judgment is affirmed.