Donald Fredreck **GENTER**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44305.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and James B. Scott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft. The punishment was assessed by the jury at twelve years.

The sufficiency of the evidence is not challenged.

Dean's Quickie Food Store in Mesquite was burglarized November 25, 1968. Money orders, a money order machine and the contents of the cash register and safe were taken.

Deputy Sheriff W. H. Owen of Gregg County arrested Harold Eugene Edwards in Gladewater. The appellant and another man in the car with Edwards appeared to be intoxicated and were also arrested. The officer found in the car a check writer and some money orders that were later shown by the serial numbers to be those taken from the Dean's Quickie Food Store in Mesquite.

A confession of the appellant was introduced.

Edwards, who was called by the appellant, testified that he burglarized the store in question and that the appellant was not with him at the time.

At the penalty stage of the trial it was shown that the appellant had been previously convicted in one burglary and in two forgery cases.

The appellant complains that the confession was inadmissible and that the arrest was illegal.

We affirm.

First it is contended that the appellant was not taken before a magistrate in accordance with Article 15.17, Vernon's Ann.C.C.P., and advised of his rights before the confession was taken.

Deputy Owen testified that the appellant was taken before a magistrate. Owen identified State's Exhibit No. 1 and stated it was the warning given appellant by a magistrate. He identified the signature of Charles R. Cashell, Justice of the Peace of Precinct 1 in Gregg County. This exhibit does not appear in the record. A certificate at the top of the confession which was introduced contains a recitation that he was taken before a magistrate in Longview and warned. After the hearing outside the presence of the jury to determine if the confession was admissible, the court found that appellant had been properly warned by the Justice of the Peace in Longview as required by Article 15.17, supra.

The 1965 Code of Criminal Procedure, Article 38.22, required that before a confession could be introduced, the accused had to be taken before a magistrate and warned of his rights under Article 15.17, supra. Article 38.22, supra, was amended. Presently there is no requirement that a warning be given by a magistrate and another by the person taking the confession. A proper warning by either will suffice. Easley v. State, Tex.Cr.App., 454 S.W.2d 758; Easley v. State, Tex.Cr. App., 448 S.W.2d 490.

The first complaint is overruled.

Next, the appellant contends that the confession on its face indicates that it was coerced and should not have been admitted into evidence.

The confession written in longhand by the appellant and a typewritten copy were introduced into evidence. They recite that the appellant and another burglarized the store and contain the statement, "Det. Lowe has told me I'm going to be filed on as second offender."

Detective Lowe of the Mesquite Police Department testified at the hearing on the confession that he had several conversations with the appellant and that he warned the appellant of his rights. Without reciting the warning it appears that it complied with Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Article 38.22, supra. Officer Lowe testified that he did not coerce or threaten the appellant in any way and that he made no promises. He told appellant that he was going to file on him as a second offender

because he had been filed on four times before.

Officer Lowe was then asked:

"Q. Did you tell him you were going to file on him as an habitual criminal?

"A. No, he asked me not to.

"Q. What did you tell him.

"A. I told him I wouldn't."

Later, the following occurred:

"Q. (Prosecutor) Did you promise him that he would not be filed on as a second offender if he wrote that statement before you?

"A. No, sir. I promised him that he would be filed on as a second offender or could be filed on as a second offender."

At the hearing before the court the appellant testified that he signed the confession because he was told he would not be filed on as an habitual offender but as a second offender if he signed it.

The court found that the appellant had been given the statutory warning by the Justice of the Peace in Longview before making the confession in his own handwriting and that the statement was voluntary and complied with the law.

 We hold that the recital in the confession on its face does not as a matter of law show that it was coerced. In considering the totality of the circumstances, the court had sufficient evidence to conclude that the confession was voluntarily given. The appellant did not testify or make an issue of voluntariness before the jury.

Lastly, it is contended that the arrest of the appellant was illegal and his confession obtained thereafter was inadmissible.

Officer Owen testified that he had two warrants for the arrest of Edwards, one for burglary and one for automobile theft. The appellant was with Edwards when the warrants were executed. Officer Owen testified that the appellant was intoxicated at the time and that "they all appeared to have been drinking or in fact drinking pretty heavily."

 An arrest for drunkenness in a public place is lawful. Johnson v. State, Tex.Cr.App., 397 S.W.2d 441; King v. State, 166 Tex.Cr.R. 231, 312 S.W.2d 501; Fletcher v. State, 164 Tex.Cr.R. 321, 298 S.W.2d 581. Without discussing other grounds for the arrest and the admissibility of the confession, we hold that the facts before the trial court were sufficient to show a lawful arrest. This contention is overruled.

Other grounds of error have not been briefed. Each contains a one sentence statement in the form of a conclusion without reference to any part of the record and without citing authority. They are not properly before us under Article 40.09, Section 9, V.A.C.C.P.

The record contains no reversible error. The judgment is affirmed.

MORRISON, J., concurs in the result.