Marion Lloyd HORNE, Appellant,

v.

The STATE of Texas, Appellee.

No. 48349.

Court of Criminal Appeals of Texas.

May 1, 1974.

Britt Thurman, Abilene, for appellant.

Ed Paynter, Dist. Atty. and Bob Lindsey, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

KEITH, Commissioner.

Appellant was convicted, in a trial before a jury, of robbery by assault. The court imposed the mandatory life sentence pursuant to the enhancement statute, Art. 62, Vernon's Ann.P.C.[1] Appellant does not challenge the sufficiency of the evidence, confining his appeal to an attack upon the court's action in admitting his confession into evidence.

1. The State relied upon a prior conviction of theft of property over the value of $50 to support the enhancement. Such conviction was of like character with robbery by assault. Haywood v. State, Tex.Cr.App., 507 S.W.2d 756 (1974), and cases therein cited.

Another case against this appellant has been decided recently by this Court. See Horne v. State, Tex.Cr.App., 506 S.W.2d 596 (1974).

Early in the morning of December 13, 1972, Wilma Coppock, the night manager of the Ramada Inn in Abilene, was assaulted and the money in the cash register of the motel taken from her custody. Her assailants then tied her arms with a coat hanger and fled. Upon the trial, she was unable to identify appellant as one of the assailants. Appellant did not testify at either stage of the bifurcated trial.

During the guilt-innocence stage of the trial, the court conducted an exhaustive inquiry into the voluntary nature of the confession, in the absence of the jury, following the rules laid down in Jackson v. Denno[2] and Lopez v. State.[3] He then entered a comprehensive order fulfilling the requirements of Art. 38.22, Vernon's Ann. C.C.P., finding the confession to have been freely and voluntarily made and admissible in evidence. The charge contained an instruction on the voluntary nature thereof.

Appellant filed a pre-trial motion to suppress the confession and both of his grounds of error are predicated upon events which transpired at that hearing. From the record of the earlier hearing, which was offered at the hearing in the absence of the jury at the trial, we learn the sequence of events leading up to the signing of the confession.

Sometime before January 19, 1973, about a month after the robbery involved in this case, appellant was charged with burglary in Parker County, lodged in jail in Weatherford, and was supplied with a court-appointed attorney, Ed Todd. Abilene police officers, learning of his incarceration,

sought to interrogate him about the Ramada Inn robbery as well as certain other unsolved crimes in Taylor County. Appellant declined to talk to them until Todd was present. Upon Todd's appearance, he discussed the matter with the officers but declined to permit the interrogation until he could discuss appellant's burglary case further with Hon. Alex Tandy, District Attorney of Parker County.

Todd testified at the pre-trial hearing that he and appellant were vitally interested in avoiding a trial in Parker County with an enhancement count under Art. 63, V.A.P.C.[4] He said that Tandy called the District Attorney in Abilene by telephone, discussed the matter with him briefly, but that he could hear only Tandy's side of the conversation. From Todd's testimony, it appears that Tandy—by "implication"—inferred that appellant would be tried for burglary with an enhancement paragraph in the indictment unless he "got his business square in Abilene" by "cooperating with the authorities" there. Todd said that Tandy made it clear that appellant could best get his business "square" and could "cooperate" with the Abilene officers by signing a confession. Tandy did not testify.

Todd then entered into a discussion with the Abilene officers in the absence of Tandy, attempting to get them committed to a recommendation of a term of years if appellant "cooperated." He testified: "[A]nd they said, as I recall, that they did not make recommendations to the District Attorney on a term of years." Todd did not talk to the District Attorney of Taylor County and appellant did not speak with the District Attorney of Parker County.

Sergeant Emerson of the Abilene Police Department, present in Weatherford to in-

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. 384 S.W.2d 345 (Tex.Cr.App.1964).

4. According to Todd, the Weatherford authorities had appellant "up pretty tight" since

they had caught him inside the burglarized premises. At the time he confessed to the Ramada Inn robbery he had not been indicted in Parker County; but, at a later date, he was indicted there for burglary and received a sentence which was not enhanced by his prior convictions.

vestigate the appellant's implication in the robbery, testified that he did not "make any statements of [or] implication that he [appellant] might get any type of a deal, or a better deal by virtue of giving" the confession and "I told him that there would be no deals."

Appellant was warned of his rights by a magistrate in Weatherford before the appearance of the Abilene officers; and, in addition, Sergeant Emerson testified that the formal *Miranda* warnings were given and they were embodied in the confession. In the presence of Todd, appellant's lengthy confession was dictated, typed, and signed.

■ Appellant contends that the confession was coerced by psychological rather than physical pressure and was thus rendered involuntary in character and inadmissible. The State readily concedes that a confession is inadmissible if it is a result of psychological pressure. Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963). But, that is not the record which we review. Todd was attempting to eliminate the recidivism charge in the Parker County burglary while appellant—through Todd—was negotiating with Sergeant Emerson on a term of years in Taylor County.

■ Appellant does not point to any testimony in our record, from any source, which would support an inference that he would receive any term of years less than life if he confessed to the robbery in Abilene.

■ Thus, there is no evidence supporting a contention that he was coerced into giving the confession. Todd, as defense attorney, was not clothed with authority to bind either district attorney or either district judge upon the sentence to be imposed in either case. Cf. Benavides v. State, 475 S.W.2d 243, 245 (Tex.Cr.App.1971); Weatherly v. State, 477 S.W.2d 572, 576 (Tex.Cr.App.1972).

■ Under the record which we review, the trial court had ample grounds upon which to base his conclusion that the confession was voluntary and admissible. Having considered the "totality of the circumstances" surrounding the making of the confession, we find no error in its admission in evidence. Genter v. State, 473 S.W.2d 35, 37 (Tex.Cr.App.1971). Ground one is overruled.

In his second ground of error, appellant claims that the trial court erred "in failing and refusing to let the defendant take the stand for purposes of testifying about the coercion of the confession" at the hearing on his motion to suppress. The predicate for this ground of error [the statement of which flies in the teeth of the holding of this court in Lopez v. State, supra, and its progeny] is found in this colloquy between the court and counsel at the hearing on the motion to suppress:

"[DEFENSE COUNSEL]: Your Honor, it is my understanding of the Jackson vs. Denno, 378 U.S. 368 [, 84 S.Ct. 1774, 12 L.Ed.2d 908], that I may not place my client on the stand to testify concerning these threats and coercions made by the various officers and offices [sic] of the State of Texas with immunity as to the testimony being used at a later time. Is this the Court's understanding of the Jackson vs. Denno decision?

"THE COURT: Well, I am familiar quite well with Jackson against Denno, but I am not sure what the implications are on down the line on the thing . . . . I think that case relates to voluntariness of a confession; does it not?

"[DEFENSE COUNSEL]: Yes, sir.

"THE COURT: I don't know what the implications are on down the line on the trial of the case.

"[DEFENSE COUNSEL]: In that event, Your Honor, we rest."

We agree with appellant that he had an absolute right to testify as to the coercion of the confession at the hearing on the motion to suppress with the cross-examination confined to the voluntary nature thereof; and, further, that he could not thereafter be called upon to testify because of his appearance at the motion to suppress. Lopez v. State, supra. But, appellant did not take the stand and the court did not deny him an opportunity to do so. Moreover, at the hearing on the admissibility of the confession during the trial, appellant did not even attempt to bind the court as to its future rulings in the event he did testify in the absence of the jury. Understandably, appellant cites no case in support of his contention; and, finding none in our own research, ground two is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.