IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-542-CR





ALVA CURRY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0930066, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of capital murder. Act of April 16, 1985, 69th Leg.,
R.S., ch. 44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann. § 19.03(a)(2), since
amended). The State having waived the death penalty, the district court assessed punishment at
imprisonment for life.

 Appellant gave two recorded oral statements to police after he was arrested,
portions of which were admitted in evidence. In his first point of error, appellant contends these
statements were erroneously admitted because the State failed to establish that the recording device
was capable of making an accurate recording and that the operator of the device was competent. 
Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(3) (West Supp. 1994). 

 The officer who took appellant's statements testified that the tape recorder was
capable of making an accurate recording and that the recordings in question accurately reflected
his conversations with appellant. Nothing in the record contradicts this testimony. The officer
also testified that the operator of the tape recorder was competent, a fact that is also corroborated
by the accuracy of the recordings. Although the officer could not name the operator, this does
not negate the showing of competence. The record demonstrates strict compliance with section
3(a)(3). Article 38.22, § 3(e). Point of error one is overruled. 

 In point of error two, appellant contends his oral statements should not have been
admitted because they were given before he was taken before a magistrate. Tex. Code Crim.
Proc. Ann. art. 15.17(a) (West Supp. 1994). It has been repeatedly held, however, that the
failure to take the accused before a magistrate does not invalidate a confession given after the
accused is advised of his rights pursuant to article 38.22. Boyd v. State, 811 S.W.2d 105, 125
(Tex. Crim. App. 1991); Easley v. State, 448 S.W.2d 490, 492 (Tex. Crim. App. 1970). The
record clearly establishes that appellant was advised of his rights before giving each of his
recorded statements. Appellant does not dispute this, but argues that the holding in cases such
as Boyd and Easley should not be applied because his point of error is grounded on article
15.17(a) as enforced by article 38.23(a), rather than on article 15.17(a) alone. Tex. Code Crim.
Proc. Ann. art. 38.23(a) (West Supp. 1994).

 Appellant did not urge this contention in the district court. Tex. R. App. P. 52(a). 
Furthermore, appellant's argument is wholly without merit. Article 38.23(a) provides that
evidence obtained in violation of the law shall not be admitted, but does not itself establish any
ground for exclusion. Because compliance with article 15.17(a) was not required under the
circumstances, there was no violation of the law and article 38.23(a) does not apply. Point of
error two is overruled.




 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 11, 1995

Do Not Publish