COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

JOSE FLORES,
)
 No. 08-02-00381-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 County Court at Law No. 2

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010C11536)


MEMORANDUM OPINION



 Jose Flores appeals his conviction for driving while intoxicated. He pled guilty and was
sentenced to twelve months' probation, a $500 fine, and 100 hours of community service. We
affirm.

FACTUAL SUMMARY


 Around 2 a.m. on August 1, 2001, Border Patrol Agent James Richard Ash was buying coffee
at the Circle K located at 1500 Hawkins in El Paso when he heard screeching tires and a crash. 
Upon exiting the store, he saw a Ford Explorer against a pole and over the curb, with wheels
spinning and damage to the left front side. The Explorer was stuck on a frame that had supported
an exit sign and the driver was trying to get off the frame. Ash ran across the street while shining
his flashlight and told the driver to stop the vehicle. The driver ignored Ash and continued to try to
drive the vehicle in reverse. He moved it back some and dislodged it and then drove forward about
fifty to sixty feet. When the vehicle stopped and the driver turned off the ignition, Ash told the four
occupants to stay where they were and to keep their hands in sight.

 Officers Jose Luis Lopez and Richard Allbee were dispatched to the scene on an emergency
call. They saw Ash behind a vehicle that was stopped in a parking lot. Lopez briefly talked to Ash
to find out what occurred and then asked the occupants to step out of the vehicle. Lopez testified
that he did not actually see Appellant drive the vehicle, but Appellant emerged from the driver's seat. 
He had to use the vehicle for support. His eyes were red and bloodshot and his words were slurred. 
Lopez also smelled alcohol on Appellant's breath, all of which is consistent with someone who is
intoxicated or has been drinking. However, Appellant refused to submit to a field sobriety test, and
Lopez placed him in the patrol car. Lopez could not remember when he checked for outstanding
warrants but he eventually learned of outstanding traffic warrants. Allbee testified that on the way
to the police station, he also detected the strong odor of alcohol.

MOTION TO SUPPRESS


 In his sole point of error, Appellant challenges the trial court's denial of his motion to
suppress because the arresting officers lacked probable cause to believe that he was driving a vehicle
while intoxicated. We review the trial court's ruling using the bifurcated standard articulated in
Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997). See Carmouche v. State, 10 S.W.3d 323,
327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref'd). 
Under this standard, we afford almost total deference to the trial court's express or implied
determination of historical facts and review de novo the court's application of the law to those facts. 
State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); Carmouche, 10 S.W.3d at 327; Krug, 86
S.W.3d at 765. As there were no explicit findings of historical facts by the trial court, the evidence
must be viewed in a light most favorable to the trial court's ruling. Carmouche, 10 S.W.3d at 327.

 Generally, officers must secure an arrest warrant before taking someone into custody. 
DeJarnette v. State, 732 S.W.2d 346, 349 (Tex.Crim.App. 1987). There are exceptions to the rule
which are strictly construed. Id. Article 14.01 of Texas Code of Criminal Procedure offers one such
exception:

 (a) A peace officer or any other person, may, without a warrant, arrest an offender
when the offense is committed in his presence or within his view, if the offense is
one classed as a felony or as an offense against the public peace.


 (b) A peace officer may arrest an offender without a warrant for any offense
committed in his presence or within his view.


Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977). In order to determine whether probable cause
for arrest exists, we must examine the circumstances surrounding the arrest. Probable cause exists
when the facts and circumstances within the knowledge of the arresting officer, and of which he has
reasonably trustworthy information, are sufficient to warrant a reasonable person to believe that a
particular person has committed or is committing a crime. See Guzman, 955 S.W.2d at 87.

 A person commits the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place. Tex.Pen.Code Ann. § 49.04 (Vernon 2003). Because
the arresting officer did not personally see Appellant driving his vehicle, Appellant argues that the
officer had no authority to arrest him. See Warrick v. State, 634 S.W.2d 707, 709 (Tex.Crim.App.
1982); Collins v. State, 795 S.W.2d 777, 778 n.1 (Tex.App.--Austin 1990, no pet.); Segura v. State,
826 S.W.2d 178, 184 (Tex.App.--Dallas 1992, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 14.01(b). 
However, Appellant's arrest is not necessarily invalid if there were probable cause to arrest him for
public intoxication. See Fletcher v. State, 164 Tex.Crim. 321, 323, 298 S.W.2d 581, 582 (1957). A person commits public intoxication if that person appears in a public place while
intoxicated to the degree that the person may endanger the person or another. Tex.Pen.Code Ann.
§ 49.02. If the arresting officer had probable cause to believe that Appellant was intoxicated in a
public place to such a degree, then the officer was authorized under Article 14.01(b) to arrest him
for public intoxication. See Warrick, 634 S.W.2d at 709; Fletcher, 298 S.W.2d at 582; Segura, 826
S.W.2d at 184; Elliott v. State, 908 S.W.2d 590, 592 (Tex.App.--Austin 1995, pet. ref'd). The test
for whether probable cause existed for a public intoxication arrest is whether the officer's knowledge
at the time of the arrest would warrant a prudent person believing that a suspect, albeit intoxicated,
was in any way a danger to himself or another person. Britton v. State, 578 S.W.2d 685, 689
(Tex.Crim.App.), cert. denied, 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). Proof of
"potential" danger either to the accused or others is enough to show the essential element. See
Dickey v. State, 552 S.W.2d 467, 468 (Tex.Crim.App. 1977). 

 When officers arrived, Appellant was located in a business parking lot, which is a public
place. The arresting officers testified that Appellant's eyes were red and bloodshot, his breath
smelled of alcohol, and his speech was slurred. The officers believed Appellant to be intoxicated. 
The border patrol agent testified that the driver of the vehicle had run up onto a pole and was
attempting to back off of it. Appellant, who was seated in the driver's compartment, had already
attempted to leave the scene of an accident. The fact that Appellant had already been involved in
an accident was sufficient to establish probable cause to believe Appellant posed a danger to himself
or others. See Carrasco v. State, 712 S.W.2d 120, 122 (Tex.Crim.App. 1986). Consequently, the
officers could have reasonably inferred that Appellant could have run or driven from the scene in a
state of intoxication, which posed a danger to himself, the occupants of his vehicle, and others. 
Appellant does not argue otherwise.

 The evidence before the fact finder and reasonable inferences from the record support a
finding of probable cause to arrest Appellant for public intoxication. Because Appellant's
warrantless arrest was made with probable cause, his arrest was not illegal, and the trial court
properly denied his motion to suppress. We overrule the sole point and affirm the judgment of the
trial court.



March 25, 2004 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)