

| | § | |
| JOEL SALVADOR HOLGUIN, | | No. 08-19-00130-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20180D01459) |
| | § | |

## <u>O P I N I O N</u>

Appellant, Joel Salvador Holguin, appeals his conviction of possession of a controlled substance—cocaine—in an amount of over one gram but less than four grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115(d). Appellant argues the trial court abused its discretion in denying his motion to suppress the evidence, asserting the search was conducted without probable cause after an illegal arrest for public intoxication. We disagree.

### BACKGROUND

### *Factual Background*

El Paso County Sheriff's Deputy Sergio Juarez and Constable Javier Garcia were working off-duty as security for the Tipsy Tiger Bar in El Paso, TX. Appellant and three others—one male and two females—were denied entry into the bar. Appellant and his companions left the bar and entered a vehicle driven by the other male. The vehicle drove directly in front of the bar entrance and Deputy Juarez testified he heard the vehicle's engine roar and saw the wheels spinning at a

high rate of speed as the vehicle accelerated out of the parking lot in the presence of other pedestrians in the parking lot. The two officers observed the sequence of events and pursued the vehicle, intending to arrest the driver for reckless driving.

The officers stopped the vehicle in a nearby parking lot and the encounter between the officers and Appellant was recorded on Deputy Juarez's bodycam. Upon exiting their patrol unit, Deputy Juarez shouted, "step out of the car" while Constable Garcia shouted, "stay in the car." Appellant remained in the vehicle and Deputy Juarez approached the passenger side of the vehicle. Deputy Juarez asked Appellant and the two females for identification. Deputy Juarez then asked Appellant to step out of the vehicle and saw an open 18-pack of beer on the floorboard of the vehicle. Appellant slowly exited the vehicle, using the vehicle to pull himself up so he would not lose his balance and fall. Once out of the vehicle, Deputy Juarez detected Appellant's "red, bloodshot eyes, and [he] smelled a strong odor of an unknown alcoholic beverage emitting from his person and breath." Deputy Juarez ordered Appellant to place his hands on the back of the vehicle and although Appellant complied, he did so in a manner that Deputy Juarez described as being "disoriented." Deputy Juarez subsequently searched the vehicle and found an open eighteen-pack of beer on the floorboard where Appellant had been sitting, and an empty bottle of beer on the floor in the backseat of the vehicle. Deputy Juarez conducted a pat-down search of Appellant's person for weapons, and asked Appellant for consent to search Appellant's pant pockets, which led to the following colloquy:

Appellant: I don't have nothing sir.

Juarez: Can I search your pockets?

Appellant: No.

Juarez: No. Ok.

2

Appellant: What happened?

Juarez: I'm asking for permission to search your pockets.

Deputy Juarez testified that as Appellant "was speaking, he had slurred speech. As he was standing, he was swaying. And it was still obvious he was unable to maintain his balance without holding onto the vehicle." Appellant was then placed under arrest for public intoxication.

At this point of the video, the bodycam fell off of Deputy Juarez; however, Deputy Juarez testified he searched Appellant incident to the public intoxication arrest and found a small bag wrapped in black electrical tape, which he believed concealed narcotics. Appellant was then placed in the patrol unit while Deputy Juarez conducted a warrant check on Appellant and the three others. Appellant had an outstanding criminal arrest warrant for family violence. Once Appellant's arrest warrant was discovered, Deputy Juarez opened the bag and found what he believed to be cocaine.

### *Procedural Background*

Appellant filed a motion to suppress the evidence found on Appellant. In his motion, Appellant asserted he was arrested without probable cause, which rendered the search illegal. The trial court denied Appellant's motion to suppress. Appellant pled guilty and was convicted of possession of cocaine exceeding one gram but less than four grams. The trial court sentenced Appellant to five years' confinement and assessed a fine of $1,500.00. This appeal followed.

### DISCUSSION

In his sole issue on appeal, Appellant argues the trial court abused its discretion in denying his motion to suppress the cocaine because the search incident to arrest was illegal for lack of probable cause.

### *Standard of Review*

We review a trial court's ruling on a motion to suppress for abuse of discretion. *Crain v.*

3

*State*, 315 S.W.3d 43, 48 (Tex.Crim.App. 2010). Discretion is tested under a bifurcated standard of review as articulated in *Guzman v. State*, 955 S.W.2d 85, 89-90 (Tex.Crim.App. 1997); *see Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Krug v. State*, 86 S.W.3d 764, 765 (Tex.App.—El Paso 2002, pet. ref'd). Under the bifurcated standard, we give almost total deference to the trial court's resolution of questions of historical fact, especially when those determinations are based on assessments of credibility and demeanor. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex.Crim.App. 2013); *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex.Crim.App. 2011). We also afford the same deference to trial court rulings applying the law to the facts if those determinations turn on credibility or demeanor. *Arguellez*, 409 S.W.3d at 662. Mixed questions of law and fact that do not turn on the evaluation of credibility and demeanor are reviewed *de novo*. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex.Crim.App. 2013). Further, pure questions of law are reviewed *de novo*. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex.Crim.App. 2011).

When the trial court makes explicit fact-findings, as is the case here, we determine whether the evidence, when viewed in the light most favorable to the verdict, supports the trial court's findings. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex.Crim.App. 2006). Regardless of whether the motion was granted, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008). A reviewing court may uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007).

In cases involving videotape evidence, we apply the deferential standard articulated in *Guzman* "to a trial court's determination of historical facts when that determination is based on a

4

videotape recording admitted into evidence at a suppression hearing." *Tucker v. State*, 369 S.W.3d 179, 184-85 (Tex.Crim.App. 2012)(*quoting Montanez v. State*, 195 S.W.3d 101, 109 (Tex.Crim.App. 2006)). Thus, a reviewing court should view video evidence in the light most favorable to the trial court's ruling, but reversal is warranted if the evidence does not support the trial court's conclusion. *Id.*

If the relevant facts of the case are uncontested and there are no witness credibility disputes—as is the case here—we apply the *de novo* standard of review. *See State v. Gendron*, No. 08-13-00119-CR, 2015 WL 632215, at *6 (Tex.App.—El Paso Feb. 11, 2015, pet ref'd)(not designated for publication)(*citing State v. Alderete*, 314 S.W.3d 469, 472 (Tex.App.—El Paso 2010, pet. ref'd)(rejecting a *de novo* standard of review where the trial court found the testifying officer to lack credibility); *see also State v. Vasquez*, No. 08-13-00079-CR, 2015 WL 1316494, at *3–4 (Tex.App.—El Paso Mar. 18, 2015, pet. ref'd)(not designated for publication)(applying abuse of discretion standard when the trial court found the arresting officer's testimony to lack credibility). We also "may review *de novo* 'indisputable video evidence' contained in a videotape[;]" however, we "must defer to the trial judge's factual finding on whether a witness actually saw what was depicted on a videotape[.]" *State v. Duran*, 396 S.W.3d 563, 570-71 (Tex.Crim.App. 2013).

### *Applicable Law*

"Pursuant to the Fourth Amendment, a warrantless search of either a person or property is considered per se unreasonable subject to a 'few specifically defined and well-established exceptions.'" *McGee v. State,* 105 S.W.3d 609, 615 (Tex.Crim.App. 2003). When a warrantless search is at issue, the State carries the burden in a motion to suppress to establish applicable exceptions to the warrant requirement. *See id.* Many permissible warrantless searches are based

on probable cause, such as the automobile exception in the search warrant requirement context. *See Marcopoulos v. State,* 538 S.W.3d 596, 600 (Tex.Crim.App. 2017).

Probable cause exists when the facts and circumstances known to law enforcement officers at the time of the arrest, are "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Brinegar v. United States,* 338 U.S. 160, 175–76 (1949)[Internal quotations omitted](*quoting Carroll v. United States,* 267 U.S. 132, 161–62 (1925)). We are instructed to measure this "probabilit[y]" by "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar,* 338 U.S. at 175. Further, the reviewing court must take into account "the totality of the circumstances" known to the officer, forgoing a "divide-and-conquer" or "piecemeal" approach. *Wiede v. State,* 214 S.W.3d 17, 25 (Tex.Crim.App. 2007).

We first examine whether officers lawfully arrested a defendant for public intoxication rendering the search incident to arrest legal. Under the Fourth Amendment, police officers may search an arrestee incident to a lawful arrest. *State v. Granville*, 423 S.W.3d 399, 410 (Tex.Crim.App. 2014).

A person commits the crime of public intoxication if he or she appears in a public place while intoxicated to the degree that the person may endanger the person or another. TEX.PENAL CODE ANN. § 49.02. An officer is authorized under TEX.CODE CRIM.PROC.ANN. art. 14.01(b) to arrest a person for public intoxication if the arresting officer has probable cause to believe the suspect was intoxicated in a public place to such a degree. *See Warrick v. State,* 634 S.W.2d 707, 709 (Tex.Crim.App. 1982); *Fletcher v. State,* 298 S.W.2d 581, 582 (Tex.Crim.App. 1957); *Segura v. State,* 826 S.W.2d 178, 185 (Tex.App.—Dallas 1992, pet. ref'd); *Elliott v. State,* 908 S.W.2d 590, 592 (Tex.App.—Austin 1995, pet. ref'd).

Probable cause deals with probabilities; it requires more than mere suspicion, but less than what is required to support a conviction. *Guzman*, 955 S.W.2d at 87. The test for whether probable cause existed for a public intoxication arrest is whether the officer's knowledge at the time of the arrest would warrant a prudent person to believe a suspect, albeit intoxicated, was in any way a danger to himself or others. *Britton v. State,* 578 S.W.2d 685, 689 (Tex.Crim.App. 1978). Proof of "potential" danger either to the suspect himself or others suffices. *See Dickey v. State,* 552 S.W.2d 467, 468 (Tex.Crim.App. 1977).

The offense of public intoxication occurs when "the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." TEX.PENAL CODE ANN. § 49.02(a). A public place includes the common areas of office buildings and shops. TEX.PENAL CODE ANN. § 1.07(40)("Public place" means any place to which the public or a substantial group of the public has access and includes streets and common areas of shops.). Under the Penal Code definition, a mall parking lot open to the public is a public place. *Kapuscinski v. State*, 878 S.W.2d 248, 250 (Tex.App.—San Antonio 1994, pet. ref'd). An intoxicated person can pose a danger irrespective of whether he has access to a vehicle. *Miller v. State,* No. 05–11–00282–CR, 2012 WL 2877633, at *4 (Tex.App—Dallas July 16, 2012, no pet.)(mem. op., not designated for publication). The intoxicated individual need not commit any dangerous acts in the presence of an officer to pose a sufficient danger to himself or others. *Id.* "It is enough if the officer observes a degree of intoxication indicating the individual poses a *potential* danger to himself or others." *Id.* [Emphasis in orig.].

### *Analysis*

Turning to the case at hand, Appellant contends the State failed to meet its burden to prove the reasonableness of the warrantless search under *McGee.* 105 S.W.3d at 613. The question turns

on whether the evidence indicates Deputy Juarez had reasonably trustworthy information indicating Appellant had, or was in the process of, committing the offense of public intoxication, which would have rendered the search incident to the arrest reasonable. *McGee*, 105 S.W.3d at 613. On its public intoxication charge, the State was required to prove Appellant (1) was intoxicated; (2) in a public place; (3) to the degree that he may have endangered himself or others. TEX.PENAL CODE ANN. § 49.02(a).

Here, as the sole judge of the credibility of testifying witnesses, the trial court could have believed or disbelieved Deputy Juarez's testimony. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008)(in its role as fact finder, the trial court is free to believe some, all, or none of a witness's testimony). Because the trial court did not make any findings of fact, we must assume the trial court made implicit findings to support its ruling. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Deputy Juarez testified he found an eighteen-pack of beer at Appellant's feet and an empty beer bottle in the back seat. Both officers observed Appellant's denied entry into the bar, then watched the vehicle Appellant was a passenger in drive out of the parking lot in a reckless manner. Although Appellant was not the driver, the court in *Britton* reasoned, "had appellant not been intoxicated he would have urged the driver to correct the situation[.]" *Britton*, 578 S.W.2d at 689 (op. on reh'g). Throughout his testimony, Deputy Juarez repeatedly described Appellant as having glassy and bloodshot eyes, smelling of alcohol, and unable to maintain his balance. As the court in *Dickey* emphasized, proof of Appellant's potential danger either to himself or others could have led a prudent person to conclude he had committed the offense of public intoxication. *Dickey*, 552 S.W.2d at 468. None of these factors alone are dispositive of Appellant's public intoxication; however, the totality of the circumstances could have led a prudent person to reasonably believe Appellant was intoxicated.

The trial court also could have corroborated Deputy Juarez's testimony with the bodycam recording showing Appellant having difficulty standing up out of the vehicle and swaying while standing in place. Deputy Juarez's testimony, which contained specific factors indicating Appellant's intoxication, combined with signs of intoxication observed in the bodycam recording, led the trial court to determine Deputy Juarez had probable cause that Appellant appeared in a public place while intoxicated to the degree he posed a danger to himself or others.

Reviewing the evidence in a light most favorable to the trial court's ruling, a prudent person could believe Appellant was intoxicated to a degree that he may endanger himself or another, which gave Deputy Juarez probable cause to arrest him for public intoxication. Because probable cause existed at the time of Appellant's arrest, Deputy Juarez conducted a lawful search incident to arrest under the Fourth Amendment. The trial court did not abuse its discretion in denying Appellant's motion to suppress. Appellant's sole issue is overruled.

## CERTIFICATION OF RIGHT TO APPEAL

We note that the trial court has certified Appellant's right to appeal in this case, but the certification does not bear Appellant's signature. The trial judge certified that the case was a plea bargain case, but matters were raised by motion filed and ruled on before trial and not withdrawn or waived and the defendant has a right to appeal. The defendant failed to sign the certification, which was submitted without the signature of the defendant. *See* TEX.R.APP.P. 25.2(d).

Out of abundance of caution, the Court ORDERS Appellant's attorney, pursuant to Rule 48.4, to send Appellant a copy of this opinion and this Court's judgment, to notify Appellant of his right to file a pro se petition for discretionary review, and to inform Appellant of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. The Court further ORDERS Appellant's attorney to comply with all the requirements of Rule 48.4.

9

## CONCLUSION

For these reasons, we affirm.

January 26, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, CJ., Palafox, and Alley, JJ.

(Do Not Publish)